CLAFLIN & CO. v. CELLEY et al.

[In Chancery.]

*Fees of Masters in Chancery.*

The fees for Masters in Chancery, fixed in the schedule of fees, were designed only for the ordinary business of standing masters of the court, and not as the fixed rate of compensation to masters specially appointed for extraordinary service, or to standing masters to whom a matter is specially referred requiring extraordinary service.

Where the masters are to hear witnesses, examine and consider evidence, try and determine controverted questions of fact, and make report of proceedings and

results to the court, it has always been understood and practiced that they were to be allowed a reasonable compensation, irrespective of the schedule of fees, and that the sum thus allowed was to be treated as taxable costs.

Such compensation is the subject of revision and determination by the court, that it shall not be extravagant, and disproportionate to the amount and value of the services required and rendered.

APPEAL from the Court of Chancery.

In this case the masters taxed $7 per day for their services, besides ·expenses and for making their report — in all $339. The clerk allowed their fees at $203. On appeal by defendants from the clerk's taxation, the court, REDFIELD, Chancellor, made the following order:

It being conceded that the orators refused to file the report of the special masters, or pay their fees, and that defendants were compelled to pay the said masters' fees, taxed by them at $339, in order to procure said report to be filed ·in court, the same is allowed at $339, as taxed by the masters and paid by defendants.

From this order an appeal was taken to the Supreme Court.

The opinion of the court was delivered by

BARRETT, J. The subject presented by the foregoing case, was called to the consideration of the court at the August Term. It was thought best to reserve the disposition of it till all the judges should be together at General Term, to the end that the views of all might be taken. This having been done, it is now announced that the fees for masters in chancery, fixed in the schedule of fees, were designed only for the ordinary service of standing masters of the court, and not as the fixed rate of compensation to masters specially appointed for extraordinary service, or to standing masters to whom a matter is specially referred requiring extraordinary service. This view has been acted upon with great if not entire uniformity ever since the schedule of fees was made out. Where the masters are to hear witnesses, examine and consider evidence, try and determine controverted questions of fact, investigate and state complicated or controverted accounts, and make report of proceedings and results to the court, it has always been understood and practiced that they were to be allowed a reasona-

ble compensation, irrespective of the schedule of fees, and that the sum thus allowed was to be treated as taxable costs.

Such compensation is the subject of revision and determination by the court, to the intent that it shall not be extravagant, and disproportioned to the amount and value of the service required and rendered.

In the present case the allowance and order as to costs by the Court of Chancery is affirmed, and cause remanded.